UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

**WILLIAM WATSON,**

          Plaintiff,

vs.          CASE NO. _____

**MEDICREDIT, INC.,**

          Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges that Defendant left numerous pre-recorded voicemails on Plaintiff's cellular telephone in which Defendant failed to identify itself or its status as a debt collector in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

2.    Defendant engages in a business plan, pattern and practice of malicious and despicable conduct by failing to disclose its name and status as a debt collector to consumers. *E.g.* Clark v. Medicredit, Inc., No. 12-00923 (N.D. Tex. Dec. 12, 2012) (complaint filed alleging that Defendant failed to identify itself as a debt collector).

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).  *See* Mims v. Aarow Financial Services, LLC, No. 10-1195, 2012 U.S. LEXIS 906, 2012 WL 125429 (Jan. 18, 2012).  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

4. Plaintiff, William Watson is a natural person and a citizen of the State of Florida, residing in Highlands County in the Southern District of Florida.

5. Defendant, Medicredit, Inc. is a foreign business corporation organized and existing under the laws of the State of Missouri with its principal place of business and corporate offices in Columbia, Missouri.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as that term is defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11. Defendant left the following pre-recorded message(s) on Plaintiff's voice mail on his cellular telephone on or about the date(s) stated:

> March 5, 2012 at 11:10 AM
> Hello, I'm calling about important personal business. Please have William Watson call me back as soon as possible at the following number. William Watson, it is imperative you call our office today. Again our number is 800-888-2238.
>
> March 5, 2012 at 2:36 PM
> Hello this is a message for William Watson, if you are not William Watson, please hang up or disconnect.  If you are William Watson please continue to listen to this message.  There will now be a three second pause in this message.  By continuing to listen to this message you acknowledge you are William Watson.  This is Mary Jones from MediCredit.  This communication is an attempt to collect

a debt and any information obtained will be used for that purpose.  Please contact me about an important business matter at 866-316-9222.  Thank you. Goodbye.

March 7, 2012 at 9:47 AM
Hello, I'm calling about important personal business. Please have William Watson call me back as soon as possible at the following number. William Watson, it is imperative you call our office today. Again our number is 800-888-2238.

March 8, 2012 at 12:52 PM
Hello this is a message for William Watson, if you are not William Watson, please hang up or disconnect.  If you are William Watson please continue to listen to this message.  There will now be a three second pause in this message.  By continuing to listen to this message you acknowledge you are William Watson.  This is Mary Jones from MediCredit.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me about an important business matter at 866-316-9222.  Thank you. Goodbye.

March 12, 2012 at 3:45 PM
Hello this is a message for William Watson, if you are not William Watson, please hang up or disconnect.  If you are William Watson please continue to listen to this message.  There will now be a three second pause in this message.  By continuing to listen to this message you acknowledge you are William Watson.  This is Mary Jones from MediCredit.  This communication is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me about an important business matter at 866-316-9222.  Thank you. Goodbye.

March 15, 2012 at 3:07 PM
Hello, I'm calling about important personal business. Please have William Watson call me back as soon as possible at the following number. William Watson, it is imperative you call our office today. Again our number is 800-888-2238.

12. The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. § 1692a(2).  *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. Jul. 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y. 2006) (holding that a voice mail

message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D. Cal. 2005) (same).

14. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages, and failed to disclose Defendant's name.

15. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

18. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D. Fla. 2006); Leyse v. Corporate Collection Servs., 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

20. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone message in violation of 15 U.S.C. § 1692d(6). *See* <u>Valencia v. The Affiliated Group, Inc.</u>, 2008 WL 4372895 (S.D. Fla. 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 597 (N.D.Ga. 1982); <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp.2d 1104, 1112 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR
## TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

22. Plaintiff incorporates Paragraphs 1 through 17 above as if fully set forth herein.

23. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
JAMES S. GIARDINA
Fla. Bar. No. 0942421
**The Consumer Rights Law Group**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Lead Trial Counsel for Plaintiff*

/s/ Scott D. Owens
SCOTT D. OWENS, ESQ.
Fla. Bar No.: 0597651
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com
*Co-Counsel for Plaintiff*